AO 93 (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
for the
District of Oregon
Portland Division

| | |
|---|---|
| In the Matter of the Search of ) | |
| *(Briefly describe the property to be searched* ) | |
| *or identify the person by name and address)* ) | Case No.  '17-MC-680 |
| A black Motorola XT1031 cellular phone with ) | |
| corresponding MEID (DEC) 268435460416378945 and ) | |
| MEID (HEX) A000002CF9EC41 ) | |

## SEARCH AND SEIZURE WARRANT

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____ District of _____ Oregon _____
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A hereto.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B hereto.

**YOU ARE COMMANDED** to execute this warrant on or before _January 12, 2018_ *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.   ☒ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to __the judge who issued the warrant via the clerk's office__.
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for ____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____.

Date and time issued:  _December 29, 2017 @ 11:25 a.m._     _/s/_ _____
                                                             *Judge's signature*

City and state:  _Portland, Oregon_     _John V. Acosta, United States Magistrate Judge_
                                         *Printed name and title*

AO 93 (Rev. 11/13) Search and Seizure Warrant (Page 2)

| Return | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name of any person(s) seized:  N/A | | |

**Certification**

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

## ATTACHMENT A

### Phone to Be Searched

The phone to be searched is a black Motorola XT1031 cellular phone with corresponding MEID (DEC) 268435460416378945 and MEID (HEX) A000002CF9EC41 with assigned cellular phone number (323) 632-7051 (hereinafter the "**Phone**") and is currently held as evidence by Homeland Security Investigations at the Drug Enforcement Administration temporary evidenced vault located at 100 SW Main St Ste 500, Portland, OR.

## ATTACHMENT B

### Items to Be Seized

1.     All records on the **Phone** described in Attachment A that relate to violations of Title 21, United States Code, Sections 841(a)(1) and 846, Possession with the Intent to Distribute and Conspiracy to Possess with the Intent to Distribute Methamphetamine, Title 21, United States Code, Section 843(b), Use of a Communication Facility to Distribute Controlled Substances (hereinafter referred to as the "Subject Offenses") and involve Rayshan Thomas, Emanuel Nunez, Monica Aguirre, or other known and unknown co-conspirators since July 1, 2015 to June 22, 2016 including:

    a.     Lists of customers and related identifying information;

    b.     Types, amounts, and prices of drugs trafficked as well as dates, places, and amounts of specific transactions;

    c.     Information related to sources of drugs, firearms, and proceeds of illicit activities (including names, addresses, phone numbers, or any other identifying information);

    d.     Information recording schedule or travel from July 1, 2015 to June 22, 2016;

    e.     Bank records, checks, credit card bills, account information, and other financial records;

    f.     Pictures, photographs, videos, or any other electronic means to memorialize the Subject Offenses;

2. Evidence of user attribution showing who used or owned the **Phone** at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history.

3. As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.

### Search Procedure

4. The examination of the Phone may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the **Phone** to human inspection in order to determine whether it is evidence described by the warrant.

5. The initial examination of the **Phone** will be performed within a reasonable amount of time not to exceed 120 days from the date of execution of the warrant. If the government needs additional time to conduct this review, it may seek an extension of the time period from the Court within the original 120-day period from the date of execution of the warrant. The government shall complete this review within 180 days of the date of execution of the warrant. If the government needs additional time to complete this review, it may seek an extension of the time period from the Court.

6. If, at the conclusion of the examination, law enforcement personnel determine that particular files or file folders on the **Phone** or image do not contain any data falling within the scope of the warrant, they will not search or examine those files or folders further without

authorization from the Court. Law enforcement personnel may continue to examine files or data falling within the purview of the warrant, as well as data within the operating system, file system, software application, etc., relating to files or data that fall within the scope of the warrant, through the conclusion of the case.

7. If an examination is conducted, and it is determined that the **Phone** does not contain any data falling within the ambit of the warrant, the government will return the **Phone** to its owner within a reasonable period of time following the search and will seal any image of the **Phone**, absent further authorization from the Court.

8. The government may retain the **Phone** as evidence, fruits, contraband, or an instrumentality of a crime or to commence forfeiture proceedings against the **Phone** and/or the data contained therein.

9. The government will retain a forensic image of the **Phone** for a number of reasons, including proving the authenticity of evidence to be used at trial, responding to questions regarding the corruption of data, establishing the chain of custody of data, refuting claims of fabricating, tampering, or destroying data, and addressing potential exculpatory evidence claims where, for example, a defendant claims that the government avoided its obligations by destroying data or returning it to a third party.